**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ANTWAN MINOR,**

**Petitioner,**

**v.**                                                    **Civil Action No. 2:17cv133
                                                        (Judge Bailey)**

**JOE COAKLEY, Warden,**

**Respondent.**

**REPORT AND RECOMMENDATION**

On November 2, 2017, Petitioner filed this habeas action pursuant to 28 U.S.C. §

2241. On November 13, 2017, Petitioner satisfied the $5.00 filing fee. On February 15,

2018, Respondent was directed to show cause why the petition should not be granted.

On March 5, 2018, Respondent filed a Motion to Dismiss and Response. Because a

declaration and attachments were included with the Motion to Dismiss, the undersigned

construed the same as a Motion for Summary Judgment and issued a Roseboro Notice

on March 6, 2018. On March 29, 2018, the Petitioner filed a "Rejoinder in Reaction to

Respondent's Motion." On June 22, 2018, the Petitioner, without filing a motion for leave

to do so, filed a First Amendment to his § 2241 Petition "as matter of course via Rule

15(d).[1]

---

[1] Rule 15(d) of the Federal Rules of Civil Procedure provides: "On motion and reasonable
notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out
any transaction, occurrence, or event that happened after the date of the pleading to be
supplemented." Furthermore, although Rule 15(a) allows a party to amend its pleadings once as
a matter of course, the Petitioner's pleading, to the extent it is deemed an amendment, was not
filed within any of the time periods permitted, and therefore, he required opposing party's written

1

## I.   **Factual and Procedural Background**[2]

On August 26, 2013, the Petitioner was charged by indictment in the Eastern District of Virginia with conspiracy to Distribute 280 grams or more of Cocaine Base, Possession of a Firearm in Furtherance of a Drug Trafficking Offense, and Possession of a Firearm by a convicted felon. On September 23, 2013, the Petitioner was charged in a superseding indictment with the same three offenses. On October 1, 2013, he pleaded guilty to the drug conspiracy as charged in the indictment on October 1, 2013, in accordance with the terms of a written plea agreement. ECF No. 120.   The government dismissed the firearm counts and agreed not to file notice of the defendant's prior drug convictions.

In the plea agreement and statement of facts, the Petitioner agreed that he distributed, or it was foreseeable to him that his co-conspirators would distribute, at least 280 grams but less than 840 grams of cocaine base. The Petitioner also acknowledged in the documents filed at the time of his guilty plea that he was a member of the Nine Trey Gangsters street gang and that he carried a firearm on January 11, 2013, to a heroin transaction because he anticipated a conflict with a heroin supplier.

A Presentence Report was prepared which awarded a three-level reduction for

---

consent or the court's leave.

[2]This information is taken from the Petitioner's criminal docket sheet in Case No. 1:13-cr-350 in the United States District Court for the Eastern District of Virginia available on PACER. Unless otherwise noted,   the ECF entries in this section refer to that criminal case.   Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

acceptance of responsibility. The probation officer determined that the Petitioner's base offense level was 31, his Criminal History category was a V, resulting in a guideline range of 168 to 210 months' incarceration, with a period of at least five years of supervised release to follow. ECF No. 431

A sentencing hearing was conducted on January 17, 2014, and Judgment was entered that same day. ECF Nos. 467, 468. The Petitioner was committed to the custody of the BOP to be imprisoned for a term of 168 months, with credit for time served. The Court recommended that the Petitioner be designated to a facility in Morgantown, West Virginia and participate in the Residential Drug Abuse Program ("RDAP"). Upon release from imprisonment, the Petitioner will be placed on supervised release for a term of five years. No fines were imposed, but the Petitioner was ordered to pay a special assessment of $100.00.

On November 30, 2015, the Petitioner filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 921. On December 1, 2015, the court granted the motion, and the Petitioner's previously imposed sentence of imprisonment of 168 months was reduced to 140 months. ECF No. 921.

## II.    Contentions of the Parties

### A.    The Petition

The Petitioner is currently seeking admission to the BOP's Residential Drug Abuse Program ("RDAP"). He alleges that he has been told by other inmates that "anyone with a gun in their case cannot receive a sentence reduction for successful participation in the drug treatment program." ECF No. 1-1 at 1. The Petitioner maintains

that this position is in direct violation of the intent of Congress in 18 U.S.C. § 3621. In summary, the Petitioner alleges that inmates not convicted of a firearm-possession offense, cannot be denied sentence reduction eligibility by virtue of a sentence enhancement for similar conduct. In support of this allegation, Petitioner cites the decision in <u>Downey v. Crabtree</u>, 100 F.3d 662, 667 (9th Cir. 1996). The Petitioner also indicates that he is entitled to a two level sentence reduction as a "minor role" participant under USSG Amendment 794. The Petitioner maintains that this sentence reduction "will position him with a new sentence allowing him to begin RDAP immediately." ECF No. 1-1 at 9. For relief, the Petitioner requests that this court "order the BOP to permit [him] to take the RDAP program for full one year credit in sentence reduction [and] deduct [his] sentence two-four levels for either declaration of 'minor' or 'minimal' role in his 21-individual drug conspiracy." ECF No. 1 at 8.

**B.     The Respondent's Motion**

In his motion to dismiss, Respondent asserts that the petition should be dismissed for the following reasons:

1.     The determination regarding the Petitioner's eligibility for early release under RDAP is not ripe for adjudication and should be dismissed.

2.     The Petitioner has not exhausted his administrative remedies;

3.     The Petitioner's claim that this court should reduce his 2-level sentence because he had a minor role in the conspiracy should be dismissed because relief can only be requested through a § 2255 motion.

**C.     The Petitioner's Reply**

4

The Petitioner maintains that this case is ripe for adjudication because he has been deemed qualified to participate in RDAP but has been deemed ineligible for early release. Therefore, the Petitioner argues that the matter "has reached the state of this dispute whereby the facts are sufficiently developed to permit an intelligent and useful decision to be made." ECF No. 12 at 4.

**D.    The Petitioner's First Amendment**

Although the Petitioner required the consent of the Respondent or permission from the Court to amend his petition, the undersigned will address the Petitioner's amendment because it lacks merit. In his amendment, the Petitioner requests that his two-level gun enhancement be removed so he can receive full credit when he takes and satisfactorily completed the RDAP program. In support of his request, the Petitioner relies on the decision in Nelson v. Colorado, 137 S.Ct. 1249 (2017).

**III.    Legal Standard**

**A.    Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."   Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party."   Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).    The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable

5

fact exist.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact.   Celotex at 323.   Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts."   Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).   The nonmoving party must present specific facts showing the existence of a genuine issue for trial.   Id.   This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but   . . .   must set forth specific facts showing that there is a genuine issue for trial."   Anderson at 256.   The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment.   Id. at 248.   Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

**IV.   Analysis**

**A. Sentencing Challenges**

The undersigned first addresses the Petitioner's request that he be given a reduction under USSG Amendment 794 and his two-level gun enhancement be removed. Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.   By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address

the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.   "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."   Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."   28 U.S.C. § 2255(e).   The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[3] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.   In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[3]   In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

7

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.   In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction."   United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).   In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions."   Id. at 428.   When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).    The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.    Id.

Although the Petitioner does not raise the savings clause with respect to his request that he receive a two-four level reduction for minor role reduction, or that his two-level gun enhancement be removed, it is clear that he is not entitled to relief under either request.    Because the Petitioner is not challenging his conviction the Jones test does not apply. Instead, the Court must review the petition under the Wheeler four prong savings clause test for erroneous sentences.   Even assuming that the Petitioner could satisfy the first and third prongs of Wheeler, he has not established that, subsequent to his first § 2255 motion, the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review," as required by the second prong.

The Petitioner's conviction became final in January of 2014. Amendment 794 took effect nearly two years later, on November 1, 2015. It amended Section 3B1.2 of the Guidelines. Specifically, it provided commentary to clarify circumstances for application of a departure for a "Mitigating Role." See U.S.S.G. § 3B1.2, Application

9

Note 3(A); see also United States v. Quintero-Leyva, 823 F.3d 519, 522 (9th Cir. 2016). The Amendment includes a non-exhaustive list of factors to be considered by a sentencing court in determining whether to apply an adjustment for a minimal participant or a minor participant.[4] Although Amendment 794 applies retroactively in direct appeals, see Quintero-Leyva, 823 F.3d at 521, the Sentencing Commission did not make Amendment 794 retroactively applicable on collateral review. See U.S.S.G. 1B1.10; see also United States v. Fakhoury, RDB-14-0178; 2016 WL 4939226, 2 (D. Md. Sept. 14. 2016) (holding that Amendment 794 applies retroactively only on appeal); United States v. Hurley, 2016 WL 4523417, 1-2 (W.D. Va. Aug. 26, 2016) (same).

Likewise, the decision in Nelson does not afford the Petitioner relief under the Wheeler test. Although the Petitioner maintains that under Nelson his sentence could not be enhanced for a gun possession because he was never charged for its discovery, he misinterprets the opinion and argues inaccurately that it overrules United States v. Watts, 519 U.S. 148 (1977). In Nelson, the Supreme Court held that a Colorado law that provided for the State's retention of "conviction related assessments unless and until the prevailing defendant institutes a discrete civil proceeding and proves her innocence by clear and convincing evidence … offends the Fourteenth Amendment's guarantee of due process." 137 S.Ct. at 1252. The Supreme Court did not decide or address the issue the Petitioner raises, i.e., whether it is a violation of due process to enhance a sentence based on unconvicted or uncharged conduct. However in Watts, the U.S.

---

[4] Pursuant to this Amendment, under § 3B1.2 of the Guidelines, a defendant's offense level is reduced by two levels if he was a "minor participant in any criminal activity," four level if a "minimal participant," and three levels if falling somewhere between those two categories.

Supreme Court held that a sentencing court can consider acquitted conduct in calculating a sentence so long as the conduct has been proven by a preponderance of the evidence.[5]  There is no indication upon review of cases giving negative treatment to Watts that any case has overruled that decision, much less Nelson. Moreover, Nelson makes no reference to Watts whatsoever, and the principles established in Nelson do not overrule the principles established in Watts.

Accordingly, the Petitioner is not entitled to invoke the Wheeler savings clause, and he has improperly raised an "invalid sentence enhancement" in this § 2241 petition.[6]  Accordingly, this Court is without jurisdiction to consider this portion of the petition.

## B. RDAP

Pursuant to the Crime Control Act of 1990, Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b).   The statute confers discretionary authority to the BOP to provide up to one

---

[5] The Sentencing Guidelines require a sentencing court to consider relevant conduct in determining a defendant's advisory Guidelines range, including "all acts and omission … that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2) (2011); United States v. Hayes, 322 F.3d 792, 802 (4th Cir. 2003) (noting that a "court has no discretion to disregard relevant conduct" when calculating offense level); see also United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010) (regarding consideration of acquitted conduct for sentencing purposes); United States v. Perry, 560 F.3d 246. 258-59 (4th Cir. 2009); United States v. Galloway, 12-4222, 2012 WL 5693224, at 1 (4th Cir. Nov. 16, 2012) (unpublished); U.S. v. Ashworth, 139 Fed. Appx. 525 (4th Cir. 2005) (unpublished).

[6] Although the Petitioner alleges that he is not challenging his sentence or conviction, this allegation is less than credible. Clearly, if this Court were to award the Petitioner a two-four level adjustment under Amendment 794, or remove the two level enhancement for possession of a gun during his drug crime, his sentencing guidelines would be reduced significantly, and his

year of early release to federal prisoners who have been convicted of a non-violent offense and successfully completes a substance abuse program. 18 U.S.C. § 3621(e)(2)(B) ("The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program **may be reduced** by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve." (emphasis added); see also Lopez v. Davis, 531 U.S. 230, 233 (quoting § 3621). The statute does not define the term "nonviolent offense."

Pursuant to statute, the BOP has promulgated regulations outlining three prerequisites for early release eligibility: (1) the inmate must be serving a sentence for a nonviolent offense; (2) the inmate must have a substance abuse problem; and (3) the inmate must successfully complete a residential drug abuse treatment while incarcerated. See C.F.R. § 550.58. There are three phases comprising the RDAP: (1) the unit based residential program; (2) the institution transition phase; and (3) the community transitional services phase. 28 S.F.R. § 550.53. A participant must complete each of the three phases successfully to be eligible for early release. Id. §§ 550.53-55.

A review of the record indicates that this action is not ripe for the court's review. Based on the Petitioner's pleadings, it is clear that he anticipates that if he completes the RDAP, the BOP will not give him early release credit which would expedite his anticipated release date. The Petitioner's claims will not be ripe for judicial review until he completes the RDAP and is denied early release credits. See, e.g., Lake Carriers Ass'n v. MacMullan, 406 U.S. 498 (1972).

---

projected release date, via good conduct time would be reduced.

In this action, the Petitioner's grounds for relief are not ripe because he has not successfully completed the RDAP, which is a prerequisite to being considered for early release. The Petitioner's eligibility in and successful completion of the RDAP, which must occur to create his eligibility for early release under 18 U..C. § 3621(e)(2)(B), are future uncertainties. In fact, it does not appear that the Petitioner has yet been interviewed to determine whether he qualifies for RDAP. Therefore, the Petitioner has not completed the program and been formally denied any benefits of the program, including early release.

Because the Petitioner has not successfully completed the RDAP, there is no controversy over his eligibility for early release credits. Therefore, the length of his incarceration will not be affected by the dismissal of this petition without prejudice. Miller v.Brown, 462   F.3d 312, 319 (4th Cir. 2006) (a case is ready for judicial decision "when the issues are purely legal and when the action in controversy is final and not dependent on further uncertainties.").

The Supreme Court of the United States has noted that the basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580 (1985). Ripeness becomes an issue in a case, "if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 3000 (1998) (citing Thomas v. Union Carbide Agricultural Products Co., supra.

In the instant case, the Petitioner has neither participated in nor successfully completed the RDAP, and no case or controversy currently exists. If the Petitioner

decides to participate in and completes the RDAP, and then is denied early release credits, he can bring a new civil action.

The undersigned recognizes that the Petitioner alleges that he will not be entitled to early release for completion of the RDAP because of his two-level enhancement for possession of a weapon, and the BOP's policy that forbids early release for individuals with this kind of sentence enhancement. However, the ultimate issue is whether he is eligible for a reduction of sentence **if** he completes the RDAP. Accordingly, this is a hypothetical that the Court may not answer.

## V.   <u>Recommendation</u>

For the foregoing reasons, the undersigned concludes that no genuine issues of material fact are presented and recommends that Respondent's construed Motion for for Summary Judgment [ECF No. 8] be **GRANTED** and the petition [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.   A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge.   Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.   28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means. Upon entry of this Report and Recommendation, the Clerk of Court is further **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: August 15, 2018

*/s, James E. Seibert*

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

15