# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**ANTWAN MINOR,**

    Petitioner,

v.                                 **CIVIL ACTION NO. 2:17-CV-133**
                                         **(BAILEY)**

**JOE COAKLEY, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    Introduction**

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert [Doc. 19]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on August 15, 2018, wherein he recommends the respondent's construed Motion for Summary Judgment be granted and the § 2241 petition be dismissed without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). The docket indicates the petitioner accepted service on August 17, 2018 [Doc. 20]. Petitioner filed his Objections on September 6, 2018. Accordingly, this Court will review the portions of the R&R to which objection is made under a *de novo* standard. The remaining portions will be reviewed for clear error.

## II. Background

Petitioner is currently incarcerated at USP Hazelton, where he is serving a 140-month sentence originally imposed January 17, 2014, and subsequently reduced on December 1, 2015, by the United States District Court for the Eastern District of Virginia, for a conviction for drug conspiracy. Importantly, the petitioner received a 2-level enhancement for possession of a firearm during the commission of the offenses. At sentencing, the judge recommended the petitioner participate in the Residential Drug Abuse Program ("RDAP").

On November 2, 2017, petitioner filed this habeas action pursuant to 28 U.S.C. § 2241 [Doc. 1]. In his petition, the petitioner is seeking admission to the RDAP, alleging that he has been told by other inmates that "anyone with a gun in their case cannot receive a sentence reduction for successful participation in the drug treatment program." [Doc. 1-1

at 1]. The petitioner asserts that such a position is in direct violation of the intent of Congress in 18 U.S.C. § 3621; specifically, he alleges that inmates not convicted of a firearm possession offense cannot be denied the sentence reduction eligibility by virtue of a sentence enhancement for similar conduct. Further, the petitioner asserts he is entitled to a two-level sentence reduction as a "minor role" participant under USSG Amendment 794, which would "position him with a new sentence allowing him to begin RDAP immediately." [Doc. 1-1 at 9]. As relief, the petitioner requests that this Court "order the BOP to permit [him] to take the RDAP program for [sic] full one year credit in sentence reduction [and] deduct [his] sentence two-four levels for either declaration of 'minor' or 'minimal' role in his 21-individual drug conspiracy." [Doc. 1 at 8].

On March 5, 2018, the respondent filed a Motion to Dismiss, which has been construed as a Motion for Summary Judgment because a declaration and other attachments were included thereto [Doc. 8]. This matter is now before this Court for review of the magistrate judge's Report and Recommendation [Doc. 19].

## APPLICABLE LAW

Petitioner alleges that he is not challenging his sentence or conviction; however, this is simply not the case. Petitioner seeks a two to four level adjustment under Amendment 794 and removal of the two-level enhancement for possession of a firearm, the result of which would clearly reduce his sentence if granted. Where, as here, a petitioner seeks to attack the imposition of his sentence rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) (the "savings clause");

3

*see also* **In re Jones**, 226 F.3d 328 (4th Cir. 2000). Relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. **In re Vial**, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

In **United States v. Wheeler**, 886 F.3d 415 (4th Cir. 2018), the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when all of the following four conditions are met:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429 (citing **In re Jones**, 226 F.3d at 333–34).

## DISCUSSION

### A.      Sentencing Challenges

Magistrate Judge Seibert recommends that this Court deny and dismiss petitioner's § 2241 petition [Doc. 19 at 14]. Specifically, the R&R finds that the petitioner does not raise the savings clause with respect to his request that he receive a two to four level reduction for minor role reduction, or that his two-level gun enhancement be removed, and he is not entitled to relief under either request. The R&R goes on to state that "[b]ecause the petitioner is not challenging his conviction the **Jones** test does not apply. Instead, the Court must review the petition under the **Wheeler** four prong savings clause test for

4

erroneous sentences. Even assuming that the petitioner could satisfy the first and third prongs of *Wheeler*, he has not established that subsequent to his first [§] 2255 motion, the 'settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review,' as required by the second prong." (Id. at 9).

As noted in the R&R, the petitioner's conviction became final in January of 2014, and Amendment 794 did not take effect until nearly two years later, on November 1, 2015. Amendment 794, which amended USSG § 3B1.2, provides commentary for application of a departure for "Mitigating Role." See USSG § 3B1, Application Note 3(A). Although Amendment 794 applies retroactively on direct appeal, the Sentencing Commission did not make it retroactive on collateral review. See *United States v. Fakhoury*, 2016 WL 4939226 (D. Md. Sept. 14, 2016)(holding Amendment 794 applies retroactively only on appeal).

The R&R further notes that the *Nelson v. Colorado*, 137 S.Ct. 1249 (2017), decision does not afford the petitioner relief under the *Wheeler* test. Although the petitioner continues to dispute this in his objections, his analysis is simply incorrect. Petitioner asserts that his sentence could not be enhanced for possessing a gun under *Nelson* because he was never charged for its discovery. The magistrate judge is correct that the petitioner misinterprets the opinion and his assertion that *Nelson* overrules *United States v. Watts*, 519 U.S. 148 (1997), is misplaced.

In *Nelson*, the Supreme Court held that a Colorado law that provided for the State's retention of "conviction related assessments unless and until the prevailing defendant

5

institutes a discrete civil proceeding and proves her innocence by clear and convincing evidence . . . offends the Fourteenth Amendment's guarantee of due process." 137 S.Ct. at 1252. The Supreme Court did not decide or address the issue of whether it is a violation of due process to enhance a sentence based on unconvicted or uncharged conduct. Despite petitioner's assertions to the contrary, the Supreme Court in **Watts** held that a sentencing court can consider acquitted conduct in calculating a sentence as long as the conduct has been proven by a preponderance of the evidence. 519 U.S. 148. It appears the petitioner simply lacks familiarity with the concept of relevant conduct. Upon *de novo* review of the above, this Court **OVERRULES** the petitioner's objections.

Therefore, having overruled petitioner's objection and finding no clear error in the remainder of the R&R, this Court finds that the magistrate judge correctly found that the petitioner's claims may not be considered under a § 2241 petition. Because petitioner cannot satisfy the requirements articulated in **Wheeler**, the savings clause offers the petitioner no relief, and this Court must dismiss for want of jurisdiction. **Wheeler**, 886 F.3d at 423 ("[W]e hold that the savings clause is a jurisdictional provision.").

**B.    RDAP Credit**

Title 18 U.S.C. § 3621(e) vests the Bureau of Prisons with broad discretionary authority to reduce, by up to one year, the sentence of a federal prisoner convicted of a *nonviolent* offense, upon the successful completion of a substance abuse treatment program. The language of this statute which provides that a prisoner's sentence "may be reduced by the [BOP]," is clearly permissive; the statute does not *mandate* that the BOP reduce a prisoner's sentence upon completion of the program. *See **Lopez v. Davis***, 531

U.S. 230, 232 (2001). Importantly, the grant of up to a one year reduction is (1) discretionary with the BOP, (2) for a nonviolent offense, and (3) is contingent upon completion of the program.

This Court may review the BOP's decision if it determines that (1) the petition fairly presents a cognizable Constitutional claim or (2) the BOP's interpretation of 18 U.S.C. § 3621(e) is contrary to well-settled law.  See **Warman v. Philips**, 353 F.App'x 859 (4th Cir. 2009).  This Court finds neither of the above apply.

Here, the petitioner's motion is simply premature as he has not even entered the RDAP program, let alone successfully completed it.  Accordingly, as noted in the R&R, because petitioner has not successfully completed the RDAP, there is no controversy over his eligibility for early release.  Therefore, the length of his incarceration will not be affected by the dismissal of the petition without prejudice.  See **Miller v. Brown**, 462 F.3d 312, 319 (4th Cir. 2006)(a case is ripe for judicial decision "when the issues are purely legal and when the action in controversy is final and not dependent on further uncertainties.").  As such, petitioner's objections to the R&R regarding RDAP credit are **OVERRULED**.

## Conclusion

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 19]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  Accordingly, the respondent's construed Motion for Summary Judgment **[Doc. 8]** is **GRANTED** and the § 2241 petition **[Doc. 1]** is **DISMISSED WITHOUT PREJUDICE**.  This Court further **DIRECTS** the Clerk

to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** October 9, 2018.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE